**COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF ABATEMENT

Appellate case name:     Christopher Shane Eudy v. The State of Texas

Appellate case number:    01-18-00278-CR

Trial court case number:    1484751D

Trial court:          Criminal District Court No. 2 of Tarrant County

On January 26, 2018, appellant, Christopher Shane Eudy, was convicted after he pleaded guilty to the state-jail felony offense of fraudulent use/possession of identifying information under 5 items, which was an open plea enhanced to a third-degree felony because of two prior state-jail felony convictions. *See* TEX. PENAL CODE ANN. §§ 12.35(c)(2)(A), 32.51(a)(1)(C), (E), (b)(1), (c)(1) (West 2011). The trial court assessed appellant's punishment at ten years' confinement. *See* TEX. PENAL CODE ANN. § 12.34(a) (West 2011). On February 20, 2018, appellant timely filed a notice of appeal, and the trial court appointed Christopher Mark Nelon as appellant's appellate counsel on February 22, 2018. *See* TEX. R. APP. P. 26.2(a)(1). On March 8, 2018, the trial court certified that this was not a plea-bargain case, and that appellant had the right to appeal. *See* TEX. R. APP. P. 25.2(a)(2).

On March 27, 2018, the appellate records were completed after the filing of the clerk's record, because there was no reporter's record, and appellant's brief was due by April 26, 2018. *See* TEX. R. APP. P. 4.1(a), 38.6(a). On April 11, 2018, this appeal was transferred to this Court from the Second Court of Appeals following the Texas Supreme Court's transfer order which was issued pursuant to its docket equalization powers. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

On April 30, 2018, the Clerk of this Court granted appellant's counsel's first extension request to file a brief until May 29, 2018. Because appellant did not timely file a brief, the Clerk of this Court's June 12, 2018 late-brief notice notified appellant's appointed counsel, Christopher Mark Nelon, that this case may be abated for a hearing pursuant to Rule of Appellate Procedure 38.8(b)(2), if either the brief or an extension

motion were not filed within ten days of that notice. Appellant's counsel failed to timely respond.

Accordingly, we sua sponte **abate** this appeal and **remand** for the trial court to immediately conduct a hearing at which a representative of the Tarrant County District Attorney's Office and appellant's counsel, **Christopher Mark Nelon**, shall be present. TEX. R. APP. 38.8(b)(2). Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

The trial court shall have a court reporter record the hearing. The trial court is directed to:

(1) make a finding on whether appellant wishes to prosecute this appeal;

(2) if appellant does wish to prosecute this appeal, determine whether counsel Christopher Mark Nelon has abandoned this appeal;

(3) if counsel Christopher Mark Nelon has not abandoned this appeal:
   a.  inquire of counsel the reasons, if any, that he has failed to file a brief timely on appellant's behalf; and
   b.  set a date certain when appellant's brief will be due, regardless of whether this Court has yet reinstated this appeal and no later than 30 days from the date of the hearing;

(4) if Christopher Mark Nelon has abandoned this appeal, enter a written order relieving Christopher Mark Nelon of his duties as appellant's counsel, including in the order the basis for the finding of abandonment, determine whether appellant is indigent, and:
   a.  if appellant is still indigent, appoint substitute appellate counsel at no expense to appellant;
   b.  if appellant is not indigent, admonish appellant of the dangers and disadvantages of self-representation, and:
      i. determine whether appellant is knowingly and intelligently waiving his right to counsel and, if so, obtain a written waiver of the right to counsel and set a date certain when appellant's brief is due, regardless of whether this Court has yet reinstated this appeal and no later than 30 days from the date of the hearing; or,
      ii. if appellant does not wish to proceed pro se, provide a deadline

---

[1]  Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

by which appellant must hire an attorney;

(5) make any other findings and recommendations the trial court deems appropriate; and

(6) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (d)(1), (f) (West 2005); TEX. R. APP. P. 38.8(b); *Gonzalez v. State*, 117 S.W.3d 831, 837 (Tex. Crim. App. 2003) (stating that presumption in favor of right to choice of counsel may be overridden by other factors relating to fair and orderly administration of justice); *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g) (requiring trial court to advise defendant of dangers and disadvantages of self-representation prior to proceeding to trial), 26.04(j)(2) (authorizing trial court to order appointed counsel to withdraw after finding of good cause is entered on record).

The court coordinator of the trial court shall set a hearing date no later than **30 days from the date of this order** and notify the parties and the Clerk of this Court of such date. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court **within 10 days** of the date of the hearing. The court reporter is directed to file the reporter's record of the hearing **within 10 days** of the date of the hearing. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 10 days of the date of this hearing.

If Christopher Mark Nelon files an extension motion and brief on appellant's behalf in this Court and a copy of such brief in the trial court, and his brief complies with Texas Rule of Appellate Procedure 38.1, **no later than 10 days from the date of this order**, together with a motion requesting that we withdraw this Order of Abatement, this Court may reconsider and withdraw this order and reinstate the appeal.

This appeal is abated, treated as a closed case, and removed from this Court's active docket. This appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record are filed in this Court.

It is so **ORDERED**.

Judge's signature: /s/ Laura C. Higley

        ☑ Acting individually    ☐ Acting for the Court

Date: June 28, 2018